IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-HC-2036-FL

| | | |
|---|---|---|
| CHRISTOPHER M. ARGUELLES,<br>Petitioner,<br><br>v.<br><br>JOHN GABBY and WARDEN FCI BUTNER MEDIUM,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

Petitioner, a federal inmate proceeding pro se, petitions this court for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. Also before the court are petitioner's motion for leave to proceed in forma pauperis (DE 2) and for preliminary injunction and temporary restraining order (DE 5).

Petitioner is serving a 150-month sentence for possession with the intent to view child sexual abuse material, including images of children under the age of 12. United States v. Arguelles, 786 Fed. App'x 996, 997 (11th Cir. 2019) (per curiam) (affirming 150-month sentence as substantively reasonable). Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in March 2021, contending that petitioner's attorney was constitutionally ineffective because he did not research, investigate, or argue that petitioner suffered from reduced mental capacity under U.S.S.G. § 5K2.13. In re Arguelles, 2025 U.S. App. LEXIS 16129, *4 (11th Cir. June 30, 2025). In May 2023 the district court denied petitioner's § 2255 motion on

the merits. Id. at *5. The United States Court of Appeals for the Eleventh Circuit denied petitioner's application for leave to file a second or successive § 2255 motion in June 2025. Id. at *8–9. By the instant habeas petition, petitioner seeks "Relevant Conduct Credit due to Amendments to USSG 1B1.3 & 5G1.3" and "956 days of RCC (relevant conduct credit) due to USSG 5G1.3(b)(1) and . . . to have federal sentence run concurrent to state sentence pursuant to 5G1.3(b)(2)." (DE 1 at 2–3).

A. Petition Under § 2241

Plaintiff petitions this court for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when petitioner contests, as here, the Federal Bureau of Prison ("FBOP")'s "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted above, petitioner challenges the FBOP's calculation of petitioner's prior custody credit, whether petitioner's sentences ought to run consecutively or concurrently, and petitioner's resulting release date. (DE 1 at 2–3). To assess whether petitioner is entitled to prior custody credit, the court must determine: 1) the date on which the federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992). The FBOP is responsible for determining petitioner's prior custody credit in

the first instance. Wilson, 503 U.S. at 331–37. If petitioner believes the FBOP failed to award petitioner the proper amount of prior custody credit, petitioner must first present the issue to FBOP officials and exhaust all administrative appeals before seeking relief in federal court. See id. at 335–36; Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010). After exhausting administrative remedies, petitioner may challenge the FBOP's calculation by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in petitioner's district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); In re Vial, 115 F.3d at 1194 n.5.

Petitioner's allegations, taken as true, are not clearly frivolous. Petitioner alleges the FBOP determined petitioner's prior custody credit and "refuses to grant credit," (DE 1 at 2), indicating petitioner has presented the issue to FBOP officials. See Wilson, 503 U.S. at 335–36; Timms, 627 F.3d at 530–31. Thus, petitioner may challenge the FBOP's calculation via instant petition for writ of habeas corpus under 28 U.S.C. § 2241. See In re Vial, 115 F.3d at 1194 n.5.

B. Preliminary Injunction

Petitioner also moves for preliminary injunction and temporary restraining order, (DE 5), wherein petitioner seeks to restrain the FBOP and William Marshall III, the Director of the FBOP, from implementing the FBOP's Program Statement 5260.01 to restrict petitioner's hormone replacement therapy treatment. But petitioner cannot obtain injunctive relief in this action that is unrelated to the claims alleged in the instant habeas petition. Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16-17 (4th Cir. 1997). Accordingly, this motion is denied.

**CONCLUSION**

Based on the foregoing, petitioner's habeas corpus action is ALLOWED to proceed. Petitioner's motion for preliminary injunction and temporary restraining order (DE 5) is DENIED.

Petitioner's motion for leave to proceed in forma pauperis (DE 2) is GRANTED. See Standing Ord. 81-PLR-3.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge